# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WADRESS HUBERT METOYER, JR.,     )
                                  )
       Plaintiff,                 )
                                  )
v.                                  )     Case No. CIV-19-406-SLP
                                  )
DELYNN FUDGE, et al.,           )
                                  )
       Defendants.          )

## O R D E R

Before the Court is the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Bernard M. Jones upon referral of this matter. *See* 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones conducted an initial screening pursuant to 28 U.S.C. § 1915A(a) and (b) and recommends dismissal of Plaintiff's Complaint. Plaintiff has filed an Objection [Doc. No. 12] and has also filed a Motion for Discovery and to Produce Documents [Doc. No. 11]. The Court must now make a de novo determination of the portions of the Report to which objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## I.    Background

Plaintiff, an Oklahoma inmate appearing pro se, brings this action under 42 U.S.C. § 1983 for alleged constitutional violations related to his prior parole hearings. Plaintiff is serving a life sentence for a 1996 first-degree-murder conviction entered in Case No. CF-95-3479, District Court of Tulsa County, State of Oklahoma, for a crime committed in

1982. His conviction was affirmed by the Oklahoma Court of Criminal Appeals on July 8, 1998 in Case No. F-96-1573.[1]

Judge Jones noted that "Plaintiff's Complaint is lengthy" but construed "his repetitive arguments" as raising the following three claims for relief: (1) Plaintiff has a liberty interest in parole and Defendants denied him that interest without due process of law; (2) Oklahoma's 1997 Truth in Sentencing Act (the Act), which changed the process for considering an inmate's eligibility for parole, violates Plaintiff's equal protection rights; and (3) the Act violates the Ex Post Facto Clause of the United States Constitution. R&R at 2.[2]

Plaintiff objects and contends that Judge Jones has misconstrued the claims raised in his Complaint. Plaintiff argues he is *not* bringing a claim that he has a liberty interest in parole. Instead, Plaintiff argues the Act includes a sentencing matrix "setting a sentencing range as a guide for parole and a definite end to pre-1988 offender's [sic] incarceration." Pl.'s Obj. at 3. Plaintiff further argues the Act includes language demonstrating that certain parole hearing procedures are not discretionary, but mandatory, giving rise to a liberty interest. *See id*. at 4, 6-7 (citing Okla. Stat. tit. 57, § 332.7(D) and (G)). For the reasons

---

[1] The Court takes judicial notice of these facts from the state court record of Plaintiff's conviction and sentence. *See also* Compl. at 9, 11.

[2] Because Plaintiff's crime was committed prior to the Act's effective date, the only portions of the Act that apply to him are those governing the calculation of his eligibility date for parole. *Seegars v. Ward*, 124 F. App'x 637, 639 (10th Cir. 2005); *see also* R&R at 1-2 (explaining parole consideration under the Act).

set forth, Plaintiff's arguments lack merit and his attempt to establish a liberty interest subject to due process protections is to no avail.

## II. Discussion

Plaintiff appears to concede that the Oklahoma statutes governing parole create no liberty interest as the decision whether to grant parole to an inmate "lies firmly within the discretion of the Board, the Department of Corrections, and/or the governor. *Koch v. Daniels*, 296 F. App'x 621, 627 (10th Cir. 2008) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1213-15 (10th Cir. 2005)); *see also Clark v. Fallin*, 654 F. App'x 385, 388 (10th Cir. 2016) (the Tenth Circuit has "repeatedly concluded" that Oklahoma's parole system does not create "a liberty interest that would be protected by the Constitution's guarantee of due process).

In an attempt to end-run this well-established law, Plaintiff argues that the Act requires the Oklahoma Pardon and Parole Board (Board) to implement a procedure to determine what sentence Plaintiff would have received under the applicable matrices of the Act. As the Tenth Circuit has explained the Act "originally included matrices of sentencing ranges for various crimes." *Seegars,* 124 F. App'x at 638. "Although the Oklahoma legislature soon repealed the sentencing matrices, the matrices are still used in calculating parole eligibility dates." *Id*. (citing Okla. Stat. tit. 57, § 332.7(A)(3)).

Plaintiff does not argue his parole eligibility date has been improperly determined and "it is clear that the sole purpose of any recalculation [of Plaintiff's sentence under the Act] is to determine the date upon which the inmate becomes eligible for parole consideration." *Campbell v. Province*, No. CIV-06-382-RAW, 2008 WL 268186 at *3

(E.D. Okla. Jan. 29, 2008) (unpublished op.). Plaintiff's contention that the purpose of the matrix is to set "a sentencing range as a guide for parole and a *definite end to incarceration,*" *see* Obj. at 2, is misguided. *See Seegars*, 124 F. App'x at 638-39 (rejecting argument that the Act's language requiring procedures for determining "what sentence the person would have received under the applicable matrix" gave prisoner the right to have his life sentence modified to a determinable number of years; the statute's language "focus[es] exclusively on the calculation of parole eligibility dates").

Plaintiff's argument that he has a due process right to certain procedures being followed during his parole consideration also fails. Plaintiff relies on subsections (D) and (G) of the Act.[3] Plaintiff appears to rely on use of language utilizing the word "shall" in

---

[3]     The applicable subsections provide:

D.     The parole hearings conducted for persons pursuant to paragraph 3 of subsection A of this section or for any person who was convicted of a violent crime as set forth in Section 571 of this title and who is eligible for parole consideration pursuant to paragraph 1 of subsection A of this section, subsection B or paragraph 2 of subsection C of this section *shall* be conducted in two stages, as follows:

1. At the initial hearing, the Pardon and Parole Board *shall* review the completed report submitted by the staff of the Board and *shall* conduct a vote regarding whether, based upon that report, the Board decides to consider the person for parole at a subsequent meeting of the Board; and

2. At the subsequent meeting, the Board *shall* hear from any victim or representatives of the victim that want to contest the granting of parole to that person and *shall* conduct a vote regarding whether parole should be recommended for that person.

*        *        *

G. The Pardon and Parole Board *shall* promulgate rules for the implementation of subsections A, B and C of this section. The rules *shall* include, but not be limited to, procedures for reconsideration of persons denied parole under this section and procedure for determining what sentence a person eligible for parole consideration

these subsections to argue the Act gives rise to a protected liberty interest. But the Tenth Circuit has rejected similar arguments. *See Clark*, 654 F. App'x at 388 (rejecting Oklahoma prisoner's challenge to the denial of parole "as well as the *process* by which" he was denied parole on grounds no liberty interest in parole exists under Oklahoma law); *Jackson v. Standifird,* 503 F. App'x 623, 625 (10th Cir. 2012) (because Oklahoma prisoner had no liberty interest in parole, he could not make a claim for a denial of procedural or substantive due process); *Koch*, 296 F. App'x at 628 (explaining that where a prisoner has no constitutionally-protected liberty interest in parole, there are no "constitutionally-protected interests in the process at issue"); *Hunter v. Beck*, 244 F. App'x 848, 852 (10th Cir. 2007) (rejecting argument that statutory language mandating processes that might give a prisoner legitimate expectations in receiving a parole hearing did not created a constitutionally-protected liberty interest); *see also Bridenstine v. Farris*, No. CIV-16-498-R, 2017 WL 454210 at *9 (W.D. Okla. Sept. 15, 2017) (addressing Oklahoma prisoner's parole eligibility argument and concluding that even if "Oklahoma law gives Petitioner a legitimate expectation in being considered for parole 'at the earliest date' after he serves some portion of his prison sentence . . . an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause") (internal quotation marks and citations omitted), R&R adopted, 2017 WL 4544611 (W.D. Okla. Oct. 11, 2017).

---

pursuant to subsection A of this section would have received under the applicable matrix.

Okla. Stat. tit. 57, § 332.7(D) and (G) (emphasis added).

Plaintiff further appears to argue that he has been denied "his invested liberty interest" in his eligibility for clemency pursuant to the Act. But as the Tenth Circuit has held, Oklahoma's Parole Board "has discretion to decide whether to consider an offender for clemency, so there is no constitutionally protected liberty interest." *Ward v. Province*, 283 F. App'x 615, 618 (10th Cir. 2008); *see also Parker v. Dowling*, 664 F. App'x 681, 682 (10th Cir. 2016) (under Oklahoma law, the "prospect of commutation is necessarily a speculative event, one in which the prisoner has no liberty interest protected by the Due Process Clause" (internal quotation marks and citations omitted)).

For these reasons, the Court rejects Plaintiff's argument that, contrary to well-established law, parole should be considered mandatory and not discretionary under the Act.

Plaintiff also objects to the findings in the Report that he has failed to state a claim alleging a violation of his equal protection rights. But Plaintiff bases his claim on the same erroneous assertion that parole in Oklahoma is mandatory, not discretionary. *See* Obj. at 8-9. Plaintiff otherwise does not challenge the Magistrate Judge's findings with respect to this claim. Accordingly, for the reasons set forth by the Magistrate Judge, the Court finds dismissal of Plaintiff's equal protection claim is proper.

Plaintiff does not challenge any other findings set forth in the Report, including the recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's claims arising under Oklahoma law. *See* R&R at 6. The Court has addressed the specific issues raised by the Objection and finds review of all other issues waived.

## III. Conclusion

In summary, upon de novo consideration of the issues raised by Plaintiff's Objection, the Court finds that the Complaint fails to state any claim upon which § 1983 relief can be granted. For these reasons, and as further ably explained by Judge Jones in his Report, the action is dismissed pursuant to 28 U.S.C. § 1915A(b). The Court declines to exercise supplemental jurisdiction over Plaintiff's claims arising under Oklahoma law and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED as set forth herein. This action is DISMISSED. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that Plaintiff's Motion for Discovery and to Produce Documents [Doc. No. 11] is DENIED as MOOT.

IT IS SO ORDERED this 29th day of July, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE